NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-0142
    E-mail: brent.whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>         v.<br><br>ONE REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA,<br><br>      Defendant. | No. 02:19-cv-06094<br><br>**VERIFIED COMPLAINT FOR FORFEITURE**<br><br>[18 U.S.C. § 981(a)(1)(A) & (C)]<br><br>[IRS] |

The United States of America brings this claim against the defendant, One Real Property Located In Los Angeles, California, and alleges as follows:

**JURISDICTION AND VENUE**

1. This in rem forfeiture action is brought pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

2. This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

4. Plaintiff in this action is the United States of America (the "government").

**PERSONS AND ENTITIES**

5. The defendant is One Real Property Located In Los Angeles, California (the "Defendant Property").[1] The legal description of the Defendant Property is as follows:

> THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:
>
> THAT PORTION OF LOT(S) 162 OF TRACT NO. 8131, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 94 PAGE(S) 41 AND 42 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED SOUTHEASTERLY BY THE GENERALLY NORTHWESTERLY LINE OF THAT CERTAIN PARCEL OF LAND DESCRIBE AS PARCEL 3 IN RELINQUISHMENT RECORDED IN BOOK 2219, PAGE 756, OFFICIAL RECORDS.
>
> EXCEPT THEREFROM ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW THE SURFACE OF SAID LAND, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEED RECORDED MAY 6, 1966 AS INSTRUMENT NO. 3354, OFFICIAL RECORDS.
>
> APN: 5440-019-033.

6. The title report for the Defendant Property indicates that title is vested in the name of Elvira Hayrapetyan ("Hayrapetyan"), an

---

[1] Pursuant to Local Rule 5.2-1, the address of the Defendant Property has been omitted from this Complaint.

unmarried woman. There are no other recorded interests in the Defendant Property to Plaintiff's knowledge.

7. The interests of Hayrapetyan may be adversely affected by these proceedings.

## FACTS SUPPORTING FORFEITURE

8. In 2016, government investigators learned of an international tax return fraud scheme that had been operating since 2010 (the "2016 Investigation"). The operators of the scheme

   a. Prepared thousands of fraudulent tax returns which claimed millions of dollars in refunds using stolen taxpayer identification documents;

   b. Submitted the fraudulent requests for refunds to the Internal Revenue Service electronically through the use of interstate wire communications;

   c. Received electronic transfers of the fraudulent refunds from the Internal Revenue Service by electronic fund transfers;

   d. Deposited the fraudulently obtained tax refunds to bank and escrow accounts opened by scheme operators, who then used approximately 20 million dollars in scheme proceeds to purchase gold from several southern California gold dealers, including Gold Depot, Inc. ("Gold Depot") and Newport Precious Metals and Newport Gold Exchange ("Newport Precious Metals"); and

   e. Sold approximately 1.8 million dollars in gold back to Gold Depot and Newport Precious Metals, and then used a portion of the proceeds of the gold sales to purchase real property (including the Defendant Property).

3

9. Armen Oganesian ("Oganesian") used scheme funds to purchase the Defendant Property from Arsen Abrahamyan ("Abrahamian"). Specifically, Oganesian and other scheme operators caused Gold Depot and Newport Precious Metals to transfer a portion of the proceeds from the gold sales described in Paragraph 8(C) above to an account held by Oganesian in the name of Instyle Jewelry Design at Bank of America with the last four digits ending in 0715[2] ("B of A 0715"), as follows:

    a. On September 27, 2010, Gold Depot transferred $124,806.30 in scheme proceeds to B of A 0715;

    b. On September 28, 2010, Gold Depot transferred $124,516.95 in scheme proceeds to B of A 0715;

    c. On October 4, 2010, Gold Depot transferred $12,927.00 in scheme proceeds to B of A 0715;

10. Oganesian established Glen Oaks Escrow Account No. 084547-AB (the "Glen Oaks Escrow Account") specifically for the purchase of the Defendant Property. On October 6, 2010, Oganesian electronically transferred $277,500.00 from B of A 0715 to the Glen Oaks Escrow Account.

11. The Glen Oaks Escrow Account also received scheme proceeds from Nikoghos Petrosyan, another scheme operator. Specifically, between August 8, 2010, and September 28, 2010, scheme operators caused Newport Precious Metals to transfer $124,516.95 in scheme proceeds to a Bank of America account held by Petrosyan with the last four digits ending in 9079 ("B of A 9079"). On October 7, 2010,

---

[2] Pursuant to Local Rule 5.2-1, full bank account numbers have been omitted from this Complaint.

4

Petrosyan transferred $362,300.79 from B of A 9079 to the Glen Oaks Escrow Account.

12. On October 12, 2010, Oganesian completed the purchase of the Defendant Property for $650,000.00 from Abrahamyan using the scheme proceeds deposited in the Glen Oaks Escrow Account.

13. At the time of the purchase by Oganesian, JP Morgan Chase Bank ("Chase Bank") held a mortgage on the Defendant Property in the amount of $987,946.61, an amount that exceeded the expected proceeds of the sale that Abrahamyan and Oganesian had negotiated.

14. Chase Bank is an institution the deposits of which are insured by the Federal Deposit Insurance Corporation.

15. Because the sale price of $650,000.00 was not sufficient to pay the amount owed to Chase Bank, Abrahamyan and Oganesian induced Chase Bank to agree to a short sale of the Defendant Property. In a short sale of mortgaged real property, the borrower secures the agreement of the lender to release the mortgage upon a bona-fide sale to a third party for an agreed upon price below the mortgage loan balance.

16. In order to induce Chase Bank to agree to the short sale, Abrahamyan and Oganesian submitted to Chase Bank by telecopy an "Affidavit of Arm's Length Transaction" (the "Affidavit") in which Abrahamyan and Oganesian represented that they did not share business interests. This representation was false because Abrahamyan and Oganesian in fact had for several years shared business interests as operators of the scheme described in Paragraphs 8 through 10 above.

17. In reliance on the Abrahamyan's and Oganesian's false representation in the Affidavit, Chase Bank agreed to the short sale.

18. In 2015, Chase Bank wrote off the outstanding balance of the mortgage it held on the defendant property, incurring a loss of over $390,000.00.

19. On November 5, 2011, Oganesian transferred title to the Defendant Property to Hayrapetyan pursuant to a quitclaim deed. Hayrapetyan is the mother of Abrahamyan.

20. The effect of the foregoing transactions was that the Defendant Property was transferred from Abrahamyan, through Oganesian, to Abrahamyan's mother, with Chase Bank suffering a loss of $390,000.00 in the process.

21. In April 2016, Abrahmayan fled the United States and is believed to be in Russia.

## FIRST CLAIM FOR RELIEF

22. Based on the above, the government alleges that the Defendant Property constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 (Wire Fraud) and 1028 (Identity Theft), which are specified unlawful activities as defined in 18 U.S.C. § 1956(c)(7)(A) and 1961(1)(B). The defendant property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## SECOND CLAIM FOR RELIEF

23. Based on the above, the government alleges that the Defendant Property constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1014 (False Statement to A Federally-Insured Financial Institution). The Defendant Property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, plaintiff United States of America prays:

a. that due process issue to enforce the forfeiture of the Defendant Property;

    b.    that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

    c.    that this Court decree forfeiture of the Defendant Property to the United States of America for disposition according to law; and

    d.    for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: July 10, 2019

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

    /s/ *Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## VERIFICATION

I, Adrian Yepez, hereby declare that:

1. I am a Special Agent with the Internal Revenue Service and I am a case officer for the forfeiture matter entitled <u>United States v. One Real Property in Los Angeles, California</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed July 10, 2019 in Los Angeles, California.

　　　　　　　　　　　　　　　　　　／s／ Adrian Yepez
　　　　　　　　　　　　　　　　　　ADRIAN YEPEZ
　　　　　　　　　　　　　　　　　　Special Agent
　　　　　　　　　　　　　　　　　　Internal Revenue Service