**JS-6**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>ONE REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA,<br><br>                Defendant.<br><br>ELVIRA HAYRAPETYAN,<br><br>                Claimant. | No. CV 19-06094-CAS (MRWx)<br><br>[~~PROPOSED~~] **CONSENT JUDGMENT OF FORFEITURE** |

Plaintiff and claimant Elvira Hayrapetyan ("Claimant") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES:**

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Claimant has filed a claim and has answered the complaint. No

other statements of interest or answers have been filed, and the time for filing such statements of interest and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant real property (the "Defendant Property").[1] Any potential claimants to the Defendant Property other than Claimant are deemed to have admitted the allegations of the complaint with respect to the Defendant Property.

2. The United States of America shall have judgment as to the Defendant Property, and no other person or entity shall have any right, title or interest therein. With respect to the Defendant Property, the Los Angeles County Recorder shall index this judgment in the grantor index under the name "Elvira Hayrapetyan, a single woman as her sole and separate property", and in the grantee index under the name of "United States of America."

3. Title to the Defendant Property having vested in the United States of America, the United States of America shall proceed to dispose of the Defendant Property in accordance with law. Upon disposition of the Defendant Property, the proceeds of the sale of the Defendant Property, to the extent available, shall be payable in the following priority:

/ / /

/ / /

---

[1] The Defendant Property is more particularly described as follows:

LAND SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND DESCRIBED AS FOLLOWS: THAT PORTION OF LOT(S) 162 OF TRACT NO. 8131, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 94 PAGE(S) 41 AND 42 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED SOUTHEASTERLY BY THE GENERALLY NORTHWESTERLY LINE OF THAT CERTAIN PARCEL OF LAND DESCRIBED AS PARCEL 3 IN RELINQUISHMENT RECORDED IN BOOK 2219, PAGE 756, OFFICIAL RECORDS. EXCEPT THEREFROM ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW THE SURFACE OF SAID LAND, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEED RECORDED MAY 6, 1966 AS INSTRUMENT NO. 3354, OFFICIAL RECORDS.

APN: 5440-019-033.

      a.    First, to the United States of America, and any of its agencies, for all expenses incurred relative to the Defendant Property, including, but not limited to, expenses of custody, advertising and sale;

      b.    Second, payment to the County Assessor and Tax Collector of Los Angeles County, California for any unpaid real property taxes assessed against the Defendant Property up to the date of filing of the Consent Judgment of Forfeiture;

      c.    Third, the sum of $300,000.00 to Claimant;

      d.    The remainder shall be forfeited to the United States, which shall dispose of the proceeds in accordance with law.

4.    The Defendant Property is a residential duplex consisting of Units A and B. Claimant and members of Claimant's family occupy Unit B. Claimant shall enter into an Occupancy Agreement with the United States of America in the form attached to the Stipulation and Request to Enter [Proposed] Consent Judgment of Forfeiture as Exhibit A with respect to Unit B. Claimant and all members of Claimant's family shall vacate Unit B, and remove all their personal property from Unit B, on or before January 31, 2021. If any such occupants of Unit B fail to vacate Unit B of the Defendant Property by the aforementioned deadline, the United States of America (via the Internal Revenue Service or other agency) may enter the Defendant Property and remove their belongings from the Defendant Property without further order of this Court.

5.    Unit A is presently occupied by third party tenants. Claimant shall instruct all tenants of Unit A to pay rent to the United States of America for all amounts due on or after June 1, 2020. Claimant shall pay to the United States of America any amounts received as rent from the tenants of Unit A for the month of June, 2020 and all succeeding months. All rents paid to the government pursuant to the judgment shall be part of the *res*, and shall be forfeited to the United States, to be disposed of in accordance with law

6.    The funds to be paid to Claimant pursuant to paragraph 3, above, shall be paid to Claimant through her counsel by electronic transfer. Claimant and her

3

attorney shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, providing Claimant's social security and/or taxpayer identification number, the identity of the bank to receive the transfer, the bank's address, and the account name, account number, account type and routing number for the account to which the transfer of funds is to be made.

7. Claimant has waived, relinquished and abandoned any right to contest the forfeiture of the Defendant Property, and releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Internal Revenue Service and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation, any petitions for remission, which Claimant hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Claimant with respect to the Defendant Property, whether pursuant to 28 U.S.C. § 2465 or otherwise.

8. The Court finds that there was reasonable cause for the institution of these proceedings pursuant to 28 U.S.C. § 2465. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

9. Each party shall bear its own attorney fees and costs.

10. The parties consent to entry of the proposed judgment and waive any right to appeal said judgment.

11. Claimant shall execute, as necessary and upon reasonable request by the United States of America, any documents necessary to effect the United States of America's forfeiture of the Defendant Property as provided under the terms of this Consent Judgment of Forfeiture.

12. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment of Forfeiture.

May 15, 2020
DATE

*Christina A. Snyder*
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____
BRENT A. WHITTLESEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# EXHIBIT A

# OCCUPANCY AGREEMENT

**IN RE:**
UNITED STATES OF AMERICA
    v.
ONE REAL PROPERTY IN LOS ANGELES, CALIFORNIA
Case No. CV 19-06094-CAS (MRWx)
**(SEE ATTACHED ORDER)**

This Occupancy Agreement ("Agreement") is made between Elvira Hayrapetyan and CWS Marketing Group acting as agent for the Internal Revenue Service Criminal Investigation ("CWS").

On May  , 2020, the United States District Court for the Central District of California entered a Consent Judgment of Forfeiture in Case No. CV 19-06094-CAS, as to a parcel of real property (the "Defendant Property") located XXXX Lakeview Drive, Los Angeles, CA, which includes all fixtures and appurtenances thereto. Pursuant to the Consent Judge of Forfeiture, the United States acquired title to the Defendant Property.

The undersigned ("Occupant"), resides in United B of the Defendant Property at the time the forfeiture judgment is entered and desires to continue to reside there until January 31, 2021.

Therefore, it is hereby agreed, upon execution of this Agreement, and in compliance with all the terms and conditions stated herein, that the Occupant may continue to occupy Unit B of the Defendant Property from June 1, 2020 to January 31, 2021. Occupant shall not be required to pay for the occupancy of the Defendant Property.

## TERMS AND CONDITIONS

1. Occupant shall be permitted to occupy the residence located on the Defendant Property, Unit B, subject to the terms and conditions of this Agreement from June 1, 2020 to January 31, 2021 It is understood by the Occupant that this Agreement does not create any interest in the land or a tenancy of any kind, but rather this Agreement is a license granted by CWS to Occupant for use of Unit B of the Defendant Property.

2. The Internal Revenue Service or its agent CWS shall have the right to re-enter the Defendant Property, with or without the consent of Occupant, at reasonable times to inspect and/or appraise the property, or for any other purpose consistent with this agreement.

## EXHIBIT A

3. Occupant shall maintain Unit B of the Defendant Property at Occupant's expense in the same, or better, condition and repair as when the Defendant Property was forfeited. The term "maintain" shall include, but not be limited to keeping the property free of hazards and/or structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; maintaining the property and grounds in good condition by providing snow removal, lawn mowing and all other ordinary and necessary routine maintenance.

4. Occupant shall maintain casualty and fire insurance equal to the full replacement cost of Unit B of the Defendant Property and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from use of the property, or activities or conditions thereon. Additionally, Occupant shall arrange for a rider to all above-mentioned policies naming the United States as a loss payee and additional insured for the life of the Agreement. Occupant shall deliver proof of such insurance to CWS **no later than the seventh calendar day** following the execution of this Agreement.

5. Occupant shall timely pay any and all mortgage, home equity loan, utilities, sewer, trash, maintenance, cable television, tax and/or other obligations, otherwise necessary and due on the property, for the life of this Agreement. Moreover, Occupant shall abide by all laws, codes, regulations, ordinances, covenants, rules, bylaws, binding agreements and/or stipulations or conditions pertaining to the care, maintenance, control and use of the Defendant Property.

6. Occupant shall not convey, transfer, sell, lease, or encumber in any way, title to the Defendant Property. Occupant shall not permit any other person, other than her immediate family, and temporary house guests, to occupy Unit B of the Defendant Property.

7. Occupant shall not remove, destroy, alienate, transfer, detract from, remodel or alter in any way, the property or any fixture, which is part of the Defendant Property, ordinary wear excepted, without express written consent of CWS.

8. Occupant shall not use Unit B of the Defendant Property for any illegal purposes or permit the use of the property for such purposes; use of Unit B of the Defendant Property so that it poses a danger to the health or safety of the public or a danger to law

enforcement; or use Unit B of the Defendant Property so that it adversely affects the ability of CWS or its designee to manage the property.

9. Occupant agrees to provide CWS thirty (30) days advance notice, in writing, in the event she chooses to vacate Unit B of the Defendant Property.

10. If Occupant violates any term or condition of this Agreement, CWS shall notify Occupant that he/she has ten (10) days to correct the violation(s).  If Occupant fails to correct the violation(s) cited by the CWS within that period, the Internal Revenue Service, upon notice to Occupant and all parties to the forfeiture action, may immediately petition the Court for directions to remove Occupant, and all other persons occupying Unit B of the Defendant Property, pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims, Rule E (4) (d).

11. Occupant, on behalf of herself, her heirs, statutory survivors, executors, administrators, representatives, successors and assignees ("potential claimants"), agrees that she does hereby release the United States, its agencies, agents, assigns and employees ("potential federal defendants") in their official and individual capacities, from any and all pending or future claims for injuries, demands, damages, suits and causes of actions arising from Occupant's possession, maintenance, occupancy and/or use of Unit B of the Defendant Property.

12. Occupant, on behalf of herself and other potential claimants, further agrees to indemnify the United States, and other potential federal defendants, as to any and all pending or future claims, demands, damages, suits and causes of actions regarding any damage or personal injuries incurred on, or as a result of, occupancy of Unit B of the Defendant Property while Occupant resides there.

13. Occupant acknowledges that violation of the contents of this Agreement as it pertains to the removal or destruction of property under the care, custody, or control of the Internal Revenue Service constitutes a violation of federal criminal law, specifically, 18 U.S.C. § 2233 entitled "Rescue of Seized Property".  That section provides for a fine not exceeding $2,000, or imprisonment not exceeding two (2) years, or both.

14. Any communication given by Occupant to the United States shall be addressed as follows:

      CWS Marketing Group
      C/O Mark Wheelus
      10374 Battleview Parkway
      Manassas, VA 20109
      (571) 921-4283

15. This Agreement shall be construed in accordance with federal law, and any conflict over the terms and conditions of this Agreement must be decided by the Court as part of the forfeiture action.

_____  _____
   Date                Occupant

_____  _____
   Date                Occupant

_____  _____
   Date                Internal Revenue Service – Representative

_____  _____
   Date                CWS Marketing Group

**EXHIBIT A**